UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| MARC FOWLER, | ) |
| Petitioner, | ) ) No. 7:12-CV-123-WOB-REW |
| v. | ) ) RECOMENDED DISPOSITION |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

*** *** *** ***

Marc Fowler filed a petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. DE #1 (Petition).  During its initial review of the petition, the Court noted several concerns about form, venue, and the type of relief sought.  *See* DE #2 (Order).  The Court directed the Clerk to mail Fowler the standard AO forms for §§ 2254 and 2255 filings and gave Fowler until November 28, 2012, to resubmit/supplement his petition.[1]  *Id.*  The Clerk did as directed; Fowler did not respond.

Having reviewed the petition under the applicable standards, the Court **RECOMMENDS** that the District Court **DISMISS** the petition **WITHOUT PREJUDICE** and not issue a certificate of appealability.

In its prior Order, the Court noted that it could not conduct a complete initial review of the petition, as it is deficient in several ways.  Notably, the petition fails to provide essential dates for the Court's timeliness evaluation, does not state the requested

---

[1] The Court also ordered the Clerk to serve the United States with its Order but did not direct a response.

relief, and is unsigned.[2]  *See* Rule 2(c) of the Rules Governing Section 2254 Proceedings. Additionally, Fowler did not "substantially follow" the standard form.  *See* Rule 2(d) of the Rules Governing Section 2254 Proceedings.

Without more, the Court cannot determine whether additional proceedings on the merits are necessary.  The Court thus recommends dismissal without prejudice. Petitioner has failed to comply with the Court's order and otherwise prosecute the case.

The Court's prior Order noted two other major concerns, both of which remain unresolved by the lack of additional filings.  Based on the document submitted in support of the petition, and based on the Court's research, Fowler is incarcerated pursuant to a judgment from the District of Columbia.  He does not have a criminal judgment in this federal District.  As Petitioner attacks a conviction that geographically occurred in another district, that district offers a more appropriate forum for adjudication.  *See Braden v. 30th Judicial Circuit of Kentucky*, 93 S. Ct. 1123, 1131-32 (1973); *Berry v. Berghuis*, No. 2:08-CV-12987, 2008 WL 4403744, at *1 (E.D. Mich. Sept. 25, 2008) (transferring section 2254 matter in the interest of justice, where the petition had been erroneously filed in the wrong forum).  While the Court previously indicated that it would likely recommend transfer, Fowler did not supplement his original filing.  The Court thus finds that, pursuant to 28 U.S.C. § 1404(a), the interests of justice do not support a transfer.  The petition as presented fails to articulate grounds upon which relief can be granted, and the record does not support transfer.

Further, it appears that Fowler is incarcerated pursuant to a federal, not state, judgment.[3]  The correct vehicle for collateral attack on a federal judgment generally is a

---

[2] In addition to filing the document unsigned, the petition indicates the name "Marc Flowers" in the signature block.  DE #1 (Petition) at 7.

motion under to 28 U.S.C. § 2255. Rule 4(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the Clerk to "promptly forward the motion to the judge who conducted the trial and imposed sentence or, if the judge who imposed sentence was not the trial judge, to the judge who conducted the proceedings being challenged. If the appropriate judge is not available, the clerk must forward the motion to a judge under the court's assignment procedure." Rule 4(a), Rules Governing Section 2255 Proceedings. Fowler cannot pursue a § 2255 motion in this jurisdiction. Again, the Court does not recommend transfer because Fowler does not give enough information for evaluation.

Fowler's petition seeks relief pursuant to §2254 and, despite the Court's doubts about the propriety of such a request, the Court cannot, without more, fully evaluate the petition as presented. The interests of justice support dismissal, though without prejudice, and the Court declines, on this record, to construe the petition as one made pursuant to § 2255. The Court notified Petitioner of its concerns, but Fowler did not respond.

Accordingly, the Court recommends that the District Judge **DISMISS** Fowler's § 2254 petition **WITHOUT PREJUDICE**. The Court should also **DENY** a certificate of appealability.[4] Fowler ignored the Court's opportunity to refile or supplement his

---

[3] "It has been the evident intention of Congress that laws generally applicable to enforcement of what may be called federal law in the United States generally should have the same effect within the District of Columbia as elsewhere. For this purpose, the courts of the District of Columbia are federal courts of the United States." *Fed. Trade Comm. v. Klesner*, 47 S. Ct. 557, 559 (1927) (citing *Keller v. Potomac Elec. Co.*, 43 S. Ct. 445 (1923)). Accordingly, collateral attack of a federal judgment is properly made under 28 U.S.C. § 2255.

[4] Whether a dismissal without prejudice qualifies as a § 2253(c) "final order" is debatable here. *See Jones v. Braxton*, 392 F.3d 683, 685 (4th Cir. 2004) (finding a dismissal without prejudice a "final order" because the "district court . . . did not identify any

3

petition. The interests of justice do not support a transfer of the action and, on this record, further proceedings are not necessary.

The Clerk shall serve a copy of this Order on the United States Attorney's Office, Lexington, Kentucky and the United States Attorney's Office, Superior Court Division at: United States Attorney, Attn: Richard Tischner, Superior Court Division Chief, Judiciary Center Building, 555 Fourth Street NW, Washington, DC 20530.

\*   \*   \*   \*   \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See*

---

defect that could possibly be cured by mere amendment of the petition"). *But see United States v. Goddard*, No. 07-134-SS-JMH, 2010 WL 3394392 (E.D. Ky. Aug. 24, 2010) (issuing no certificate of appealability because a dismissal without prejudice is not a "final order" and the court did not review the § 2255 motion on the merits) (citing *United States v. Ocampo*, No. 06-20172, 2009 WL 3429606 (E.D. Mich. Oct 20, 2009)). However, to the extent a certificate of appealability is an appeal predicate, the Court recommends denial. "If the district court's denial of habeas relief is on procedural grounds alone, the petitioner must show that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Perkins v. McQuiggin*, 670 F.3d 665, 669 (6th Cir. 2012) (quoting *Slack v. McDaniel*, 120 S. Ct. 1595, 1595 (2000)); *see also Cooey v. Coyle*, 289 F.3d 882, 887 (6th Cir. 2002). No certificate of appealability should issue because the result is not on this record fairly debatable. Here, the Court recommends dismissal on procedural grounds (*i.e.*, not reaching the merits of Fowler's claims)—namely the petition's form and venue. No certificate of appeal is warranted.

4

*Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 7th day of December, 2012.

Signed By:
Robert E. Wier  *REW*
United States Magistrate Judge